

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# USA v. Wells

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Wells" (2005). *2005 Decisions*. Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3395

UNITED STATES OF AMERICA

v.

TYRONE WELLS,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00362)
District Judge:  Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed :  December 8, 2005 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

On April 22, 2004 Tyrone Wells pled guilty to conspiracy to possess with intent to

distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  At

sentencing, the  District Court increased Wells' base offense level under the Sentencing

Guidelines because it found that he possessed 353 grams of crack cocaine. The District Court also increased Wells' offense level by two points, as required by the Sentencing Guidelines, for possession of a dangerous weapon. Both increases were based on facts contained in the Presentence Investigation Report. Wells was sentenced to 210 months in prison followed by a five-year term of supervised release.

On appeal, Wells contends that the adjustment to his base offense level violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004). He challenges the two-level increase for possession of a violent weapon on the same grounds. Although United States v. Booker, 125 S.Ct. 738 (2005), had not been decided at the time of briefing, we directed Wells to comment on the applicability of Booker to his case. He responded in a letter dated March 11, 2005, raising a Booker challenge. In the letter, Wells argues that his sentence was improper in light of Booker, because the District Court applied the Sentencing Guidelines on a mandatory, rather than merely advisory, basis. He also claims that the District Court erred in increasing his offense level based on facts contained in the Presentence Investigation Report because the facts had not been admitted nor proven beyond a reasonable doubt. We have jurisdiction to review Wells' sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In accordance with our decision in United States v. Davis, 407 F.3d 162 (3d Cir. 2005), where we concluded that defendants sentenced under the previously mandatory guidelines regime should have their sentence remanded to the District Court, we will

vacate the sentence and remand for resentencing in accordance with <u>Booker</u>.  <u>Davis</u>, 407 F.3d at 165.  Appellant does not challenge his conviction.