

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2007

# USA v. Wells

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wells" (2007). *2007 Decisions.* Paper 1644.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1644

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-1456

———

UNITED STATES OF AMERICA,
Appellee

v.

TYRONE WELLS,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00362)
District Judge: Hon. William W. Caldwell

———

Submitted Under Third Circuit LAR 34.1(a)
January 19, 2007

Before: SLOVITER, RENDELL, and CUDAHY,[*] Circuit Judges

(Filed:  February 8, 2007)

OPINION

———

CUDAHY, Circuit Judge.

Tyrone Wells appeals his below-guidelines sentence for various drug-related offenses,

urging that the district court failed to adequately discuss the factors relevant to sentencing and

———

[*]  Hon. Richard D. Cudahy, United States Senior Circuit Judge
for the United States Court of Appeals for the Seventh Circuit, sitting by
designation.

that his sentence was unreasonable.  The district court's unchallenged Sentencing Guidelines calculation assigned Wells a recommended guidelines range of 210 to 262 months in prison. The court, taking into account Wells's post-conviction rehabilitative efforts and his HIV infection, sentenced Wells to 174 months in prison.  Wells argues that in light of various considerations this sentence was still unreasonably high.

We lack jurisdiction to review a district court's discretionary decision not to impose a sentence below the Sentencing Guidelines-recommended range (or its decision not to impose an even shorter sentence, when, as in the present case, the court did impose a below-guidelines sentence), so long at the district court was aware of and exercised its discretion.  *United Sates v. Ruiz,* 536 U.S. 622, 627 (2002), *citing* 18 U.S.C. § 3742(a); *United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006); *United States v. Powell*, 269 F.3d 175, 179 (3d Cir. 2001), *quoting United States v. Mummert*, 34 F.3d 201, 205 (3d Cir. 1994) ("[I]f the district court's ruling was based on an exercise of discretion, we lack jurisdiction.").  By contrast, if the district court was unaware of or failed to exercise its discretion, the sentence would be "imposed in violation of law" and we would have jurisdiction.  18 U.S.C. § 3742(a)(1); *Ruiz*, 536 U.S. at 627.

In the present case it is obvious that the district court was aware of its power to impose a below-guidelines sentence; it did so.  Further, Wells does not demonstrate that the court failed to exercise its discretion by giving "meaningful consideration" to the 18 U.S.C. § 3553(a) factors. *Cooper*, 437 F.3d at 329, *citing United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). None of the issues he mentions were ignored by the district court.  It discussed Wells's HIV infection with him at length and indeed imposed a below-guidelines sentence because of it. (App. at 11.)  The restitution order was within guidelines bounds and, based on the PSR's

2

unchallenged finding that Wells could pay a minimal, below-guidelines fine through an Inmate Financial Responsibility Program (PSR at 8), within his means. We have definitively held that courts need not impose below-guidelines sentences to remedy the crack/powder cocaine sentencing differential, *United States v. Gunter*, 462 F.3d 237, 249 (3d Cir. 2006), and the court need not spend time on arguments that are clearly without merit, *Cooper,* 437 F.3d at 329, *citing United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005).

We are convinced that the district court meaningfully considered Wells's contentions and imposed the sentence it did in an exercise of its discretion. We consequently lack further jurisdiction to consider the reasonableness of his below-guidelines sentence and affirm.