

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# USA v. Wells

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wells" (2008). *2008 Decisions.* Paper 1185.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-1456

———

UNITED STATES OF AMERICA

v.

TYRONE WELLS,
Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00362)
District Judge: Hon. William W. Caldwell

———

Originally Submitted Under Third Circuit LAR 34.1(a)
January 19, 2007

On Remand From the United States Supreme Court
February 11, 2008

Before: SLOVITER, RENDELL, and CUDAHY,[*] Circuit Judges

(Filed:  May 21, 2008)
———

OPINION

———

---

[*]  Hon. Richard D. Cudahy, United States Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

SLOVITER, Circuit Judge.

This matter is before us on remand by the Supreme Court "for further consideration in light of Kimbrough v. United States, 552 U.S. ----, 128 S.Ct. 558, 169 L. Ed. 2d 481 (2007)." Wells v. United States, 128 S. Ct. 862 (Mem) (2008).

**I.**

Appellant Tyrone Wells pled guilty on April 22, 2004, to a charge of conspiracy to distribute cocaine base, i.e., crack cocaine. In his sentencing memorandum, Wells requested a below-Guidelines sentence on the basis of his medical condition and certain rehabilitative efforts he undertook after being imprisoned. In addition, Wells asserted that "the court may consider that if the defendant had been convicted of drug trafficking in cocaine as opposed to cocaine base" he would have been in a lower Guidelines range, and that "[t]he disparity is glaring." App. at 21-22. At the sentencing hearing, however, Wells focused solely on his medical condition and rehabilitative efforts. In consideration of those two concerns, the District Court departed from the Guidelines range of 210 to 262 months, and imposed a sentence of 174 months imprisonment instead.

Wells appealed that below-Guidelines sentence, arguing that the District Court erred by failing to consider all of the factors listed in 18 U.S.C. § 3553(a), failing to depart further downward in consideration of Wells' medical condition, and by imposing a sentence greater than necessary to comply with the purpose of sentencing. In essence, Wells argued that the sentence was unreasonable. Although Wells' appeal brief focused

2

largely on his health, he also explicitly argued that the District Court "failed to consider" the effect of the disparity between crack and powder cocaine offenses on the Guidelines and that "District Courts have a duty to fashion a sentence that does not adhere to and adopt this unreasonable disparity." Appellant's Br. at 11-12.

When this matter first came before us, we rejected Wells' argument, stating that "courts need not impose below-guidelines sentences to remedy the crack/powder cocaine sentencing differential," United States v. Wells, 216 F. App'x 204, 205 (3d Cir. 2007) (citing United States v. Gunter, 462 F.3d 237, 249 (3d Cir. 2006)), "and the court need not spend time on arguments that are clearly without merit," id. (citing United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006)). We concluded that the District Court "meaningfully considered Wells's contentions and imposed the sentence it did in an exercise of its discretion. We consequently lack further jurisdiction to consider the reasonableness of his below-guidelines sentence and affirm." Id. We also stated: "We lack jurisdiction to review a district court's discretionary decision not to impose a sentence below the Sentencing Guidelines-recommended range (or its decision not to impose an even shorter sentence, when, as in the present case, the court did impose a below-guidelines sentence), so long as the district court was aware of and exercised its discretion." Id. (citing United States v. Ruiz, 536 U.S. 622, 627 (2002); Cooper, 437 F.3d at 332-33)). We must reconsider our position in light of the remand.

**II.**

The Kimbrough decision followed by two years the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), where the Court declared that the Sentencing Guidelines were no longer mandatory but advisory and that the applicable Guidelines range in the particular case was one of the factors to be used in determining the appropriate sentence under 18 U.S.C. § 3553. Appellate review is governed by the reasonableness standard.

In Kimbrough, the Court considered whether a sentence outside the Guidelines range is per se unreasonable "when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." Kimbrough, 128 S. Ct. at 564 (citation and internal quotations omitted). The Court stated that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine–run case." Id. at 575. The Court reversed the decision of the Court of Appeals for the Fourth Circuit that had held a sentence outside the Guidelines range to be per se unreasonable. Instead, the Supreme Court concluded that:

> the District Court properly homed in on the particular circumstances of Kimbrough's case and accorded weight to the Sentencing Commission's consistent and emphatic position that the crack/powder disparity is at odds with § 3553(a).

Id. at 576. The Kimbrough decision was foreshadowed by this Court's decision in Gunter, 462 F.3d at 249, where we held that the district courts may, but are not required

4

to, impose below-Guidelines sentences to remedy the disparity between crack and powder cocaine.

Upon receipt of the remand from the Supreme Court we solicited the views of counsel as to the action they suggested we take. Counsel for Wells replied that because the Sentencing Commission on November 1, 2007 reduced the sentencing ranges for crack offenses by two offense levels, and on December 11, voted to make the amendment to the Guidelines retroactive, we should reduce Wells' sentence an additional 36 months, resulting in a Guidelines range of 104 to 139 months. The reasoning behind that recommendation is obscure and we reject it.

The government's response is more nuanced. It candidly acknowledges that it cannot say that the District Court complied with <u>Gunter</u> and/or <u>Kimbrough</u>, as those opinions had not yet been decided at the time of the resentencing at issue here. It argues that although the District Court did not comment on the crack/powder disparity, "there is no reason to believe the court acted under the mistaken belief that it lacked authority to consider this factor." Appellees' Letter Mem. at 6. It therefore suggests that we affirm the judgment of sentence without remanding to the District Court.

Before deciding on our disposition, we must first revisit our earlier opinion in this matter where we concluded that we lacked "jurisdiction to consider the reasonableness" of Wells' below-Guidelines sentence because the District Court "meaningfully considered Wells's contentions and imposed the sentence it did in an exercise of its discretion." 216

F. App'x at 205. In <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007), the Supreme Court stated that "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." This is a two-step process. First, the court must "ensure that the district court committed no significant procedural error . . . ." <u>Id.</u> Second, if the "sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." <u>Id.</u> Thus, the Supreme Court confirmed the difference between the "procedural[] sound[ness]" of a sentence and its "substantive reasonableness." <u>Id.</u> It follows that we erred in the prior <u>Wells</u> decision in holding that we lacked jurisdiction based on <u>Ruiz</u> (a pre-<u>Booker</u> decision) and <u>Cooper</u>.

> After <u>Gall</u>, the court must
>
> consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. . . . [I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

128 S. Ct. at 597.

Returning to the effect of <u>Kimbrough</u> in this case, because we have no basis on which to conclude that the District Court understood that it had discretion to consider the crack/cocaine disparity in imposing the sentence on Wells, we believe it is prudent to

6

remand this case to the District Court so that it may reconsider its sentence in light of Kimbrough.  We recognize that in United States v. Wise, 515 F.3d 207, 219-21 (3d Cir. 2008), this court held that the appropriate process was for the defendant to seek resentencing based on the amendment to the Guidelines under 18 U.S.C. § 3582(c)(2). We note that in remanding, we do not suggest that the District Court's sentence was unreasonable.  Nor do we believe that every sentencing court must expressly acknowledge its consideration of the crack/cocaine disparity.  This case is unique because the Supreme Court has remanded to us for reconsideration in light of Kimbrough.  We conclude that it is appropriate, in light of that mandate, to remand to the District Court for its consideration.

For the reasons set forth, we will remand this matter to the District Court for reconsideration of the sentence.