**UNITED STATES of America**

v.

**Tyrone WELLS, Appellant.**

**No. 09–1233.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 8, 2009.

Filed: Sept. 11, 2009.

---

Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: SCIRICA, Chief Judge, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendant Tyrone Wells appeals his sentence of 143 months' imprisonment, arguing that the District Court erroneously believed that the Sentencing Guidelines were mandatory. Although Wells acknowledges that the District Court properly applied a recently-enacted amendment to the Guidelines that permits a two-point reduction in his base offense level based on the crack-cocaine disparity,[1] Wells contends that the District Court assumed—incorrectly—that a *further* reduction in his sentence fully to account for the crack-cocaine disparity was prohibited. He urges that, had the District Court known that an additional reduction in Wells's sentence were permissible, the District Court would have reduced his prison term further. Accordingly, Wells asks the Court to vacate his sentence and remand the case to the District Court for a determination of whether the crack-cocaine disparity warrants a further reduction of his sentence.[2]

The unique history of this case, which is before our Court for the fourth time in five years, deserves some discussion. In April 2004, Wells pled guilty to conspiracy to possess, with intent to distribute, 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846. Treating the Sentencing Guidelines as mandatory, the District Court sentenced Wells to a term of 210 months' imprisonment. Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we vacated Wells's sentence and remanded for reconsideration in light of *Booker*. *See United States*

---

1. The 2007 Amendments to the Sentencing Guidelines had the effect of reducing, by two points, the base offense level for all crack offenses. *Compare* U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2002) (amended Nov. 2007), *with* U.S.S.G. § 2D1.1(c)(5).

2. The District Court exercised jurisdiction under 18 U.S.C. § 3231, and our jurisdiction is proper under 28 U.S.C. § 1291.

*v. Wells* ("*Wells I*"), 156 Fed.Appx. 519 (3d Cir.2005). On remand, the District Court reduced Wells's sentence to 174 months— 36 months less than the minimum term prescribed under the Guidelines. Wells appealed, arguing that the Court failed meaningfully to consider the 18 U.S.C. § 3553(a) factors. We concluded, however, that the sentence imposed was reasonable, and that no procedural error occurred. *United States v. Wells* ("*Wells II*"), 216 Fed.Appx. 204 (3d Cir.2007). Wells filed a petition for writ of certiorari to the United States Supreme Court. During the pendency of his petition, the Supreme Court issued its opinion in *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), holding that a district court may depart from the Guidelines based on the crack-cocaine disparity. The Supreme Court vacated our decision in *Wells II* and remanded the case for reconsideration. *Wells v. United States* ("*Wells III*"), 552 U.S. 1090, 128 S.Ct. 862, 169 L.Ed.2d 711 (2008). On remand, we stated, "[W]e have no basis on which to conclude that the District Court understood that it had discretion to consider the crack/cocaine disparity in imposing the sentence on Wells." *United States v. Wells* ("*Wells IV*"), 279 Fed.Appx. 100, 103 (3d Cir.2008). Accordingly, we directed the District Court to reconsider Wells's sentence in light of *Kimbrough.* At Wells's re-sentencing, the District Court, applying the two-point Guideline reduction permitted under the November 2007 amendment, reduced Wells's term of imprisonment to 143 months. Wells has appealed.

In *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), the Supreme Court stated that, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." The Court explained, further, that this standard governs both the "procedural soundness" of a sentence and its "substantive reasonableness." *Id.* Wells' appeal implicates the former issue—the procedural propriety of his sentence.[3]

In *United States v. Gunter,* we held that a District Court commits procedural error when it imposes a sentence under a belief that it lacks discretion to consider the crack-cocaine disparity. 462 F.3d 237, 248 (3d Cir.2006). Wells contends that the District Court assumed—erroneously— that its discretion to depart from the Guidelines based on the crack-cocaine disparity was limited to the two-point reduction prescribed in the November 2007 amendment to the Guidelines, and that a further reduction in Wells's sentence was impermissible. For his position, Wells relies on Judge Caldwell's statement during re-sentencing, "I'm sorry that I have to send you back to prison, but my hands are pretty much tied." A. 64. Wells contends that the Court's reasoning contravenes *Kimbrough,* which made clear that the Guidelines are advisory, that the November 2007 amendment merely effected a "partial remedy" for the crack-cocaine disparity, and that a further reduction in a defendant's sentence may be warranted under § 3553(a) in certain circumstances. 128 S.Ct. at 561.

---

**3.** Wells also contends that he is entitled to a new sentencing hearing because the District Court failed adequately to consider the § 3553(a) factors at his re-sentencing. Our remand, however, was narrow in scope. We directed the District Court solely to determine whether the crack-cocaine disparity warranted a reduction in Wells's sentence under *Kim-*

*brough,* 128 S.Ct. 558. We did not identify any other deficiency in the Court's original analysis of the § 3553(a) factors, the adequacy of which is not disputed on appeal. Accordingly, the District Court did not err in confining its inquiry on remand to the crack-cocaine disparity.

We conclude, however, that Wells's argument is premised on an unsupported assumption—that the District Court believed that its authority to depart from the Guidelines range was limited to the two-point reduction permitted under the November 2007 amendment. As noted, Wells's argument relies entirely on Judge Caldwell's remark that his hands were "tied." There is no indication, however, that Judge Caldwell perceived the November 2007 amendment itself as tying his hands. Rather, we read Judge Caldwell's comment that, "I have to send you back to prison" as referring to the statutory minimum term of imprisonment, ten years.

We find it especially unlikely that Judge Caldwell misapprehended his discretion to depart from the Guidelines because we vacated Wells' prior sentence precisely on that ground, stating, "[W]e have no basis on which to conclude that the District Court understood that it had discretion to consider the crack/cocaine disparity in imposing the sentence on Wells." *United States v. Wells*, 279 Fed.Appx. 100, 103 (3d Cir.2008). The District Court signaled its awareness of this issue on remand. A. 61. Further, in our order remanding the case, we specifically cited *Kimbrough*, which held that the November 2007 amendment authorized—but did not limit a district court's authority—to reduce a defendant's sentence to reflect the crack-cocaine disparity. The District Court's discretion to depart from the Guidelines range, moreover, was stressed by the government and defense counsel at the sentencing hearing. A. 56, 60.[4] On these facts, we conclude that the District Court rejected a further reduction in Wells's sentence *not* because it misapprehended its authority to do so, as Wells contends, but rather because, as defense counsel admitted, "[T]here is nothing extraordinary about the facts. It is a crack cocaine case." A. 57. The fact that the District Court imposed the guideline sentence prescribed under the November 2007 amendment means that he believed it to be the appropriate sentence; it in no way indicates that he believed he could not go lower. The District Court properly appreciated its discretion to reduce Wells's sentence based on the crack-cocaine disparity, and we conclude that no procedural error occurred.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

4. For example, Defense counsel specifically argued,

> Because this is a complete resentencing, Your Honor, the court does have the discretion to not only consider this two-level reduction that's been put into place by the sentencing commission, but all of the factors pursuant to 18 U.S.C. § 3553(a). As the Court recognized in *Kimbrough*, Your Honor, one of the, couple of portions from that opinion that the modest amendment which became effective on November 1, 2007[,] yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder.

> The commission thus noted that it is only a partial remedy to the problems generated by the crack/powder disparity, and the court then went on to state that given the commission's departure from its empirical approach in formulating the crack guidelines and its subsequent criticism of the crack/powder disparity, it would not be an abuse of discretion to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence greater than necessary to achieve section 3553(a)'s purposes, even in a mine-run case.

A. 56–57.