OPINION OF THE COURT
JORDAN, Circuit Judge.
Charles Lawson appeals from a March 11, 2009 judgment of the United States District Court for the Middle District of Pennsylvania sentencing him to 151 months’ imprisonment for distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841. For the following reasons, we will affirm.
I. Background
On May 29, 2008, Lawson sold $500 worth of crack cocaine to a confidential informant who was working with the Harrisburg, Pennsylvania police. Based on that transaction, Lawson eventually pled guilty to one count of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841. A presentence report (“PSR”) was issued on January 29, 2009, and, shortly thereafter, the Government filed a motion pursuant to U.S.S.G. § 5K1.1 for a downward departure in Lawson’s offense level because of his substantial assistance to law enforcement.
Lawson lodged an objection to the PSR, and asked that the Court grant him a downward variance in light of the 80:1 ratio that currently exists between sentencing ranges for powder versus crack cocaine.[1]
At a sentencing hearing on March 11, 2009, the District Court adopted the findings and Guidelines calculations contained in the PSR, and reduced Lawson’s offense level pursuant to the government’s § 5K1.1 motion. The District Court then discussed the sentencing factors enumerated in 18 U.S.C. § 3553(a) and declined to vary from the Guidelines, saying,
I recognize that I have discretion to adopt an appropriate ratio in lieu of that provided in the sentencing guidelines. I decline to do so. The sentencing commission has amended the guidelines to reduce the ratio ... and I believe it, that is the amended ratio between powder [ ] cocaine, and crack cocaine, to be the appropriate ratio under the circum *452 stances. In short, I concur with the policy judgment reflected in the amended ratio.
(1 App. at 26-27.)
With the downward departure, Lawson’s offense level was twenty-nine and his criminal history category was VI, resulting in a Guidelines range of 151 to 188 months’ imprisonment. The Court sentenced Lawson to a 151 month term of imprisonment.
Lawson filed a timely appeal, arguing that the sentence imposed by the District Court is unreasonable because the Court did not adequately consider the effect of the craek/powder cocaine ratio on the § 3553(a) factors, and failed to depart below the Guidelines range in recognition of the disparity caused by that ratio.
II. Discussion[2]
We review a criminal sentence for reasonableness, Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), which generally involves two levels of inquiry. We begin by determining whether the District Court committed any “significant procedural error, such as ... failing to consider the § 3553(a) factors.” Id. at 51, 128 S.Ct. 586. Upon satisfying ourselves that a sentence is “procedurally sound,” we then ask whether the sentence is substantively reasonable. Id. “The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries.” United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009).
A. Procedural Reasonableness
Lawson complains that his sentence is procedurally unreasonable because the District Court failed to adequately consider three of the § 3553(a) factors. First, Lawson argues that the court failed to adequately consider objectives identified in § 3553(a)(2), namely, the need for his sentence to reflect the seriousness of his offense, to promote his respect for the law, and to provide just punishment. Had the Court considered those objectives, says Lawson, his sentence would have been “similar to one that would be given in a cocaine powder case.” (Appellant’s Op. Br. at 19.) Second, Lawson argues that the court ignored the need to avoid unwarranted sentence disparities pursuant to § 3553(a)(6) because “[i]t is fundamentally unfair for one defendant to get a sentence much greater than another simply because he was selling the same substance in a different form.” (Appellant’s Op. Br. at 19.) He notes that at least one district court has used a 1:1 ratio rather than adhere to the Guidelines ratio when sentencing a defendant convicted of a crack cocaine crime.[3] Finally, Lawson asserts that the District Court did not adequately consider pertinent policy statements as required by § 3553(a)(5), because there are indications that President Obama’s administration is working to eliminate the crack/powder cocaine disparity, so since “change is coming, ... that should be applied in this case.” (Id. at 20.)
Our review of the record reveals that, contrary to Lawson’s contentions, the District Court did engage in a “meaningful consideration” of the § 3553(a) factors. At the sentencing hearing, the Court explained in detail the reasoning upon which it based Lawson’s sentence. While the Court did not specifically mention each of the factors enumerated in § 3553(a), it explicitly considered several of those factors and stated that the sentence “reflects [the] court’s full consideration of all [the] factors *453 relevant to the sentencing determination.” (1 App. at 24.) As we have said before, “[t]here are no magic words that a district judge must invoke when sentencing....” United States v. Cooper, 437 F.3d 324, 332 (3d Cir.2006), abrogation on other grounds recognized by United States v. Wells, 279 Fed.Appx. 100 (3d Cir.2008). What was said here was sufficient. See United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007) (“A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account.”). Because Lawson’s sentence is procedurally sound, we turn to the question of substantive reasonableness
B. Substantive Reasonableness
Lawson argues that his sentence is substantively unreasonable because the District Court failed to impose a below-Guidelines sentence based on the crack/powder cocaine disparity.
A sentence is substantively unreasonable where “no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Tomko, 562 F.3d at 568; see also Gall, 552 U.S. at 51, 128 S.Ct. 586 (explaining that, in reviewing a sentence for substantive reasonableness, “[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify a reversal of the district court”).
The District Court recognized that it had “discretion to adopt an appropriate ratio in lieu of that provided in the sentencing guidelines,” but it declined to do so because, in its opinion, “the amended ratio between powder, cocaine, and crack cocaine ... [is] the appropriate ratio under the circumstances.” (1 App. at 26-27.) The Court thus stated that, in the particular case before it, it “concurr[ed] with the policy judgment reflected in the amended ratio.” (Id. at 27.) Although a downward variance was possible under Spears,[4] the District Court was certainly not obligated to vary downward. The fact that it chose not to does not mean that Lawson’s sentence is substantively unreasonable, and indeed it is not unreasonable.
III. Conclusion
For the foregoing reasons, we will affirm the sentence imposed by the District Court.

. Until recently, the Sentencing Guidelines included a 100:1 ratio, adopted from the Anti-Drug Abuse Act of 1986, “that treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine.” United States v. Arrelucea-Zamudio, 581 F.3d 142, 147 (3d Cir.2009) (quoting Kimbrough v. United States, 552 U.S. 85, 96, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)). However, in 2007, the Sentencing Commission amended the Guidelines, “reduc[ing] the base offense level associated with each quantity of crack by two levels.” Kimbrough, 552 U.S. at 99-100, 128 S.Ct. 558. We have recognized that “a district court may deviate from the Guidelines range for crack cocaine offenses ... if it concludes that the disparity between ranges for crack and powder cocaine results in a sentence 'greater than necessary’ to achieve the sentencing objectives of § 3553(a).” United States v. Arrelucea-Zamudio, 581 F.3d 142, 147-48 (3d Cir.2009) (citing Kimbrough, 552 U.S. at 91, 128 S.Ct. 558). Earlier this year, the Supreme Court explained that district courts have the "authority to vary from the crack cocaine Guidelines based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case.” Spears v. United States, - U.S. -, 129 S.Ct. 840, 843, 172 L.Ed.2d 596 (2009) (original emphasis).
In his objection, Lawson urged the District Court to impose a lower sentence because the amended ratio continues to "promulgate unwarranted disparities.” (2 App. at 10.) In other words, Lawson apparently hoped that the District Court, based on a policy disagreement with the amended Guidelines, would impose a below-Guidelines sentence because his crime involved crack cocaine, rather than powder cocaine.

. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review Lawson's sentence pursuant to 28 U.S.C. § 1291.

. Specifically, Lawson cites to United States v. Gully, 619 F.Supp.2d 633 (N.D.Iowa 2009). (Appellant's Opening Brief at 18.)

. See supra, note 1.