**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-2252

———————

UNITED STATES OF AMERICA

v.

DONALD J. HUNT,
Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-09-cr-00291-001
District Judge: The Honorable Christopher C. Conner

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judges*,
and STEARNS, *District Judge**

(Filed: February 1, 2011)

———————

OPINION

———————

STEARNS, *District Judge.*

———————

* The Honorable Richard G. Stearns, United States District Judge for the United
States District Court of Massachusetts, sitting by designation.

Donald Hunt appeals from his conviction and sentence for conspiracy to distribute crack cocaine and cocaine hydrochloride, in violation of 18 U.S.C. § 846 and 18 U.S.C. § 841(a)(1). The District Court (Conner, J.) sentenced Hunt to a 235-month term of imprisonment. This timely appeal followed. Hunt claims that the District Court abused its discretion by denying his motion for a downward departure from his Criminal History Category VI and by imposing the sentence without giving sufficient consideration to the disparity between the advisory Guidelines sentencing ranges for crack and powder cocaine.

On September 23, 2009, a Harrisburg grand jury returned a two-count Indictment charging Hunt and five co-defendants with unlawful distribution and possession with the intent to distribute cocaine hydrochloride and at least 50 grams of crack cocaine from September of 2008 through September 22, 2009 (Count I) and conspiracy to distribute cocaine hydrochloride and at least 50 grams of crack cocaine during the same time period (Count II). On December 10, 2009, pursuant to a written plea agreement, Hunt waived indictment to a one-count Superseding Information iterating the original conspiracy charge. The United States agreed to recommend a three-level reduction for acceptance of responsibility and to dismiss the original Indictment following sentencing. On December 22, 2009, Hunt pled guilty.

The Pre-Sentence Report (PSR) prepared by the United States Probation Office (USPO) determined Hunt to be a career offender, automatically placing him in

2

Criminal History Category VI.[1]  The USPO further determined that the drug quantity involved amounted to at least two kilograms of crack cocaine and five kilograms of cocaine hydrochloride, yielding a base offense level of 36.  The PSR recommended that Hunt be given a four-level upward adjustment for his leadership role in the conspiracy, and  a three-level downward reduction for acceptance of responsibility, yielding a total offense level of 37.  The resulting advisory Guidelines sentencing range was 360 months to life; however, the range was capped at 240 months because of the 20-year statutory maximum.

Prior to sentencing, the parties resolved their differences over the PSR's findings and recommendations.  Specifically, the parties agreed that the drug amounts attributable to Hunt were one kilogram of crack cocaine and five kilograms of cocaine hydrochloride, thereby reducing his base offense level to 34.  The parties also agreed to recommend a two-level rather than a four-level enhancement for Hunt's role in the offense.  With the three-level reduction for acceptance of responsibility, the total offense level was 33, with an advisory Guidelines range of 235-240 months.

---

[1] Hunt's criminal history included a 7 to14 year sentence to state prison for attempted homicide, aggravated assault, criminal conspiracy, and the reckless endangerment of others, among them a one-year-old child, who sustained two gunshot wounds when Hunt fired three bullets indiscriminately into the occupied vehicle, as well as a 94-month federal sentence for distribution and possession with intent to distribute crack cocaine.  Hunt was on supervised release for the latter offense when he embarked on the year-long drug trafficking conspiracy that led to his present conviction.

At sentencing, Hunt asked the District Court to depart downwards from the Criminal History Category VI, arguing that the career criminal designation overstated the seriousness of his criminal record. Hunt also asked the Court for an 18 U.S.C. § 3553(a) departure based on the disparity between the advisory Guidelines sentencing ranges for crack cocaine and powder cocaine.

Judge Conner first determined that Hunt's assignment to Criminal History Category VI was appropriate given the nature and extent of his criminal history and the likelihood of his committing future offenses.

> [Hunt's] convictions include three prior drug convictions and a conviction for a violent crime. I think under the circumstances it is an appropriate designation for this defendant. So the motion for downward departure [on this ground] is denied.

Sentencing Tr. at 26.[2]

He then turned to the crack cocaine and powder cocaine sentencing disparity. Judge Conner explained:

> I also acknowledge that under the sentencing guidelines there is a disparity between the punishment advised for offenses involving crack cocaine and that advised for offenses involving cocaine hydrochloride. I recognize that I may depart or vary from the guideline sentence if I believe the disparity constitutes an unwarranted disparity within the

---

[2] We acknowledge that the extreme youthfulness of an offender may be taken into account in determining whether his criminal history category is overstated. We do not agree, however, with the statement in Hunt's brief that he should receive the benefit of this consideration because he "was just 27 years old" when he committed the offenses that led the District Court to determine that he satisfied the criteria of a career criminal. Appellant's Br. at 11.

4

meaning of Section 3553(a). I decline to do so for several reasons in this case.

First, . . ., it would only make a minor difference. He would still face a sentence at or near the sentence provided in this case. Second, and more importantly, I note that the disparity, while still extant, has been ameliorated by recent amendments to the sentencing guidelines, and finally, and perhaps most importantly, I do not disagree with the policies behind the current guidelines.

Therefore I decline . . . to vary based upon an unwarranted disparity. In addition, there were a number of aggravating factors to consider in this case. . . . [T]he defendant poses at least some danger to the public from the nature of the instant offense and from . . . a number of drug trafficking offenses and a crime of violence. I have also considered the defendant's likelihood to recidivate to criminal activity based on his prior record and based on his commission of the instant offense while on supervised release.

*Id*. at 35-37. After making his findings, Judge Conner imposed a sentence of 235 months.

We undertake a procedural and substantive review of the sentence imposed by the District Court. *See United States v. Lessner,* 498 F.3d 185, 203 (3d Cir. 2007). Hunt alleges no procedural errors. We review the substantive reasonableness of a District Court's denial of a downward sentencing departure for abuse of discretion. *See United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008); *Gall v. United States*, 522 U.S. 38, 50-51 (2007). In considering a claim of substantive error, we ask whether the District Court exercised its discretion by considering the relevant § 3553(a) factors and whether it applied those factors reasonably in the instant case. *See United*

*States v. Cooper*, 437 F.3d 324, 329-330 (3d Cir. 2006), *abrogated on other grounds recognized by United States v. Wells*, 279 F. App'x. 100 (3d Cir. 2008). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). A discussion of each of the statutory factors is not required if it is clear from the record that the District Court took the relevant factors into consideration in fashioning a sentence. *Tomko*, 562 F.3d at 568.

We have reviewed the entire transcript of the sentencing hearing, and as the portions quoted earlier demonstrate, Judge Conner gave measured consideration to the relevant § 3553(a) factors. We agree with his ultimate determination that in Hunt's case, "a sentence at the bottom end of the guideline range is reasonable, appropriate, and not greater than necessary to achieve sentencing objectives." Sentencing Tr. at 37.

For the reasons stated, we will affirm the judgment of the District Court.